IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY WILSON, JR.,

        Plaintiff,

    vs.                              Case No. 15-cv-1252-SMY-SCW

ARTHUR STANLEY,

        Defendant.

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's "Renewed Complaint and/or Motion to Reopen Judgment" (Doc. 7), Plaintiff's "Amended Renewed Complaint and/or Motion to Reopen" (Doc. 8), Plaintiff's "Motion to Amend Complaint" (Doc. 9), Memorandum, and Rule 7 and/or Rule 52 Motion to Clarify (Doc. 11), and Memorandum and Rule 12(b)(6) and/or Rule 52 Motion to Clarify, or in the Alternative, Notice of Appeal (Doc. 12).  Ultimately, Plaintiff seeks leave from the Court to reopen his claim against Defendant, Timothy Wilson, Jr.  For the reasons set forth below Plaintiff's motions are **DENIED**.

Plaintiff filed his Complaint and Motion for Leave to Proceed *in forma pauperis* on November 10, 2015 (Docs. 1, 2). Plaintiff's Complaint was dismissed for lack of subject matter jurisdiction and his claim to proceed *in forma pauperis* was denied as moot (Doc. 5). Plaintiff filed a motion asking this Court to reopen his case, then subsequently amended this motion and then refiled a motion to amend his complaint (Docs. 7, 8, 9).

From what the Court can discern, Plaintiff cites Federal Rules of Civil Procedure 60(b)(3), 60(b)(4) and 60(d) as authority for why this Court should reopen his case.  FRCP 60(b)(3) and 60(b)(4) allow a court to relieve "a party or its legal representative from a final judgment, order" due to "fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party… or the judgment is void." Fed. R. Civ. P. 60.  FRCP 60(d) allows a court to "relieve a party from judgment, order, or proceeding; grant relief… to a defendant who was not personally notified of the action; or set aside a judgment for fraud on the court." *Id*.   These rules allow a court to reconsider an action after final judgment has been entered.  However, in order for this Court to reconsider Plaintiff's action, it must have original subject matter jurisdiction, which it does not.

Plaintiff asserts that this Court has jurisdiction pursuant to the Fourteenth Amendment. Plaintiff mistakenly relies on a case that was dismissed in district court for failure to state a claim, was then affirmed by the Seventh Circuit and certiorari was denied by the Supreme Court. *Lawline v. American Bar Association*, *et. al.*, 956 F.2d 1378 (7th Cir. 2008).  However, the facts of that case are in no way analogous to Plaintiff's claims.  Plaintiffs in *Lawline* brought antitrust and Fourteenth Amendment challenges to the implementation of ethics rules by the American Bar Association.  In this case, Plaintiff seeks redress for that he is calling "fraud" in the state court. Specifically, Plaintiff claims that his Fourteenth Amendment rights were violated when an action was filed in state court to evict him from his home. The Fourteenth Amendment, however, does not protect Plaintiff from this eviction, even if it was wrongful.

The only other potential Fourteenth Amendment violation this Court can glean from Plaintiff's motions is that Plaintiff believes that the state court judge, Judge Rudolph, violated his Due Process Rights.  There are several issues with this position.  First, Plaintiff did not join Judge Rudolph as a party to this action.  Rather, he sued "Timothy Wilson Jr., His Attorney, Friends, Family and Associated Generally, et. al."

Secondly, even if Plaintiff attempted to add Judge Rudolph as a party to his action, he would fail. *Forrester v. White*, 484 U.S. 219, 225-26, ("As a class, judges have long enjoyed a

comparatively sweeping form of immunity.") (citing *Bradley v.* Fisher, 13 Wall. 335, 347 20 L.Ed. 646 (1872) "Besides protecting the finality of judgments or discouraging inappropriate collateral attacks, the *Bradley* Court concluded, judicial immunity also protected judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants."). Plaintiff's attempt to invoke subject matter jurisdiction pursuant to the Fourteenth Amendment fails on all fronts.

Plaintiff also contends that this Court has proper subject matter jurisdiction under Federal Rule of Civil Procedure 60(d).  Plaintiff relies on *Durfree v. Duke*, 375 U.S. 106 (1963) in making this assertion.  *Durfee*, however, is a case based on diversity jurisdiction. Nowhere in the record does Plaintiff allege the basis for diversity jurisdiction.

Plaintiff also states that he was considering combining this case with his other pending case, *Timothy Wilson. Jr. v. Arthur L. Stanley v. Timothy Wilson, Jr.*, 3:15-CV-01315-SMY-SCW. That case was remanded to state court on January 26, 2016, for lack of subject matter jurisdiction. Thus, it would have been impossible for Plaintiff to combine both cases because this Court did not have subject matter jurisdiction to hear either case.

Next, in Plaintiff's Memorandum and FRCP Rule 7 and/or Rule 52 Motion to Clarify Doc. 11), Plaintiff argues that the Court did not have the authority to *sua sponte* amend Plaintiff's Complaint (See Doc. 10, wherein the Clerk of the Court issued a Notice of Modification stating "Proposed amended Complaint inadvertently attached to docket entry. Document has been removed").  The Clerk's entry did not amend Plaintiff's Complaint, but merely noted a case management modification of the filing because the proposed amended complaint was inadvertently attached to the docket entry.

Finally, in Plaintiff's Memorandum and Rule 12(b)(6) and/or Rule 52 Motion to Clarify, or in the Alternative, Notice of Appeal (Doc. 12), Plaintiff reiterates many of the same allegations and arguments set forth in the motion filed at Doc. 11.  As previously mentioned, the Clerk of the Court did not amend Plaintiff's Complaint.    While the title of the motion includes "…or in the Alternative, Notice of Appeal," Plaintiff does not state the basis of his appeal. Further, under FRAP 3, to a file a notice of appeal, a plaintiff must file a notice of appeal with the district clerk in the time allowed by Rule 4.  At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).  Plaintiff did neither.

Accordingly, Plaintiff's motions for a "Renewed Complaint and/or MOTION to Reopen" (Doc. 7), "Amended Renewed Complaint and/or MOTION to Reopen Judgment" (Doc. 8), "Motion to Amend Complaint" (Doc. 9), "Memorandum and FRCP Rule 7 and/or Rule 52 Motion to Clarify" (Doc. 11), and "Memorandum and Rule 12(b)(6) and/or Rule 52 Motion to Clarify, or in the Alternative, Notice of Appeal" (Doc. 12) are **DENIED** in their entirety.

**IT IS SO ORDERED.**

**DATED: April 18, 2016**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**DISTRICT JUDGE**

4